IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-04-479 |
| SUPERIOR ENERGY SERVICES, INC. and DOLPHIN SERVICES, INC., | § § § § | |
| Defendants. | § § § | |

## ORDER GRANTING DEFENDANT DOLPHIN SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT

This case arises out of an injury allegedly sustained by Charles Johnson ("Plaintiff") while employed by Dolphin Services, Inc. ("Dolphin"). Now before the Court is Dolphin's Motion for Summary Judgment. For the reasons stated below, the Motion is **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P.

56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The court must view all evidence in the light most favorable to the non-movant.  *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**II. Analysis**

Dolphin challenges Plaintiff's assertion of seaman status.  The Supreme Court has identified "two basic elements" of seaman status: "The worker's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the worker must have a connection to a vessel in navigation (or an identifiable fleet of vessels) that is substantial in terms of both its duration and its nature."  *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995).  To qualify as a "fleet," a group of vessels must operate together or under the same authority.  *St. Romain v. Indus. Fabrication & Repair Serv., Inc.*, 203 F.3d 376, 379 (5th Cir. 2000).  In *Chandris*, the Supreme Court approved of the Fifth Circuit's general "rule of thumb" for gauging the duration of the connection with a vessel: "A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act."  *Chandris*, 515 U.S. at 371, 115 S. Ct. at 2191; *see also Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067 (5th Cir. 1986).

Plaintiff worked for Dolphin as a blaster/painter for eight months prior to the alleged accident.  At the time of the accident, he was helping load a supply vessel after completing a job on a fixed

2

satellite platform offshore. During the eight months of his employment with Dolphin, he worked offshore for a total of about 14 days, 3-4 days on the trip in question and one prior ten-day trip. 14 days out of eight months does not come close to the 30 percent rule of thumb for gauging duration of the connection with a vessel. Plaintiff's time offshore does not constitute a connection of substantial duration. Additionally, Plaintiff offers no evidence that he was assigned to a vessel or fleet of vessels. On the trip in question, he admits that he was not a member of the vessel's crew and that he did not aid in the navigation or operation of the vessel; the vessel simply transported him to the fixed offshore platform on which he was to perform work. Even if he had been assigned to the transport vessel, he has not alleged that Dolphin owned the vessel or that it was owned by the same entity that owned any vessel on which he traveled or worked during his previous offshore hitch. Therefore, Plaintiff was not connected to a vessel or fleet of vessels. The evidence clearly shows that Plaintiff was assigned to work in Dolphin's yard with occasional offshore work for various clients. Dolphin has shown that there is no genuine issue of material fact as to Plaintiff's seaman status. Therefore, Dolphin's Motion for Summary Judgment is **GRANTED**.

### III. Conclusion

For the above-stated reasons, Dolphin's Motion for Summary Judgment is **GRANTED**. Because Plaintiff is not a seaman, he may not pursue Jones Act remedies. Therefore, any and all Jones Act claims by Plaintiff against Dolphin are hereby **DISMISSED WITH PREJUDICE**. Each Party is to bear its own costs, expenses, and attorney's fees incurred herein to date. A Final Judgment addressing this and all other claims will be issued in due course.

**IT IS SO ORDERED.**

**DONE** this 27th day of May, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge